JOHN A. PHILBRICK, Plaintiff, *v.* THE COMMERCIAL NATIONAL BANK AND TRUST COMPANY OF NEW YORK and EVELYN L. BERETS, as Executors, etc., of CARL H. BERETS, Deceased, Defendants.

First Department, April 6, 1939.

*John D. Beals, Jr.,* of counsel [*Beals & Nicholson,* attorneys], for the plaintiff.

*Bertram Lichtenberg,* for the defendants.

PER CURIAM. On December 9, 1937, plaintiff and one Carl H. Berets entered into an arrangement whereby plaintiff transferred to Berets 500 shares of the capital stock of the Chase National Bank. The terms under which the transfer was made are contained in a letter written by plaintiff to Berets, reading as follows:

" Dear Mr. BERETS:

" This is to confirm our verbal understanding arrived at a few weeks ago.    *    *    *

" It is further understood between us that in consideration of my turning over to you 500 shares of Chase National Bank Capital Stock having an approximate market value of $15,000, you are to pay me 5% thereon, namely $750 per annum, payable quarterly commencing February 1, 1938. You hereby agree to make these payments to me during my lifetime with the understanding that at my death your obligation to make these payments ceases. In other words I have given you this stock to do with as you please accepting in lieu thereof a lifetime annuity as described above.

" This arrangement is final and binding upon both of us, and in confirmation thereof our signatures are appended below.

" (signed)    JOHN A. PHILBRICK, SR.

" Witness
    " C. J. OLSEN
    "*Vault Manager*
    " 12/10/37
" Accepted:
    " C. H. BERETS."

The plaintiff was then seventy-two years and nine months of age. Berets was thirty-eight. Berets died on February 28, 1938, without having made any payments to plaintiff under the agreement. It appears that any life insurance company would have written an annuity on plaintiff's life providing for annual payments of $750 in exchange for cash payment of $6,285.61.

The parties to this controversy agree upon the facts submitted to this court but differ with respect to the conclusions they contend should be drawn therefrom. The plaintiff claims and contends that it was the intention of the parties to the agreement that upon plaintiff's death the 500 shares of Chase National Bank stock or the sum of $15,000, which was stated in the agreement to be the value thereof, were to be returned by Berets to the plaintiff's legal representatives. In other words, that there was a lifetime loan of $15,000 at five per cent interest; that this is the only reasonable construction of the agreement and that to construe it as an annuity contract would render it unconscionable.

The defendants claim and contend that it was the intention of the parties, as plainly expressed in the agreement, that the 500 shares of stock of Chase National Bank were turned over absolutely to Berets as the consideration for the lifetime annuity of $750 per annum which he granted to plaintiff; that they are required to make the annual payments to plaintiff during his lifetime but are not obligated to return the stock or its stated cash value to his legal representatives upon his death.

The writing is plain and unambiguous. Judgment should be directed providing that defendants, as executors of Berets, are obligated to pay plaintiff $750 per year during his lifetime and upon his death they are not obligated to return to his representatives either the stock or $15,000, the value of the stock at the time it was transferred to Berets in December, 1937, without costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, COHN and CALLAHAN, JJ.

Judgment unanimously directed as indicated in the opinion, without costs. Settle order on notice.